```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

SHAWN LAZIER,

        Plaintiff,

v.                       Case No. 8:14-cv-2773-T-33MAP

SCULLEY'S MANAGEMENT LLC,

        Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiff Shawn Lazier's Motion to Strike Defendant's Affirmative Defenses, or, in the Alternative, Motion for More Definite Statement with Incorporated Memorandum of Law, filed on November 14, 2014. (Doc. # 8). Defendant Sculley's Management LLC filed a response in opposition thereto on November 21, 2014. (Doc. # 10). Upon due consideration and for the reasons stated below, the Court denies Lazier's Motion.

**I. Background**

This action was removed to this Court on November 4, 2014, from the Sixth Judicial Circuit in and for Pinellas County. (Doc. # 1). In his Complaint, Lazier seeks recovery of unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs pursuant to the Fair Labor Standards

Act of 1938, as amended 29 U.S.C. §§ 201, et seq. (FLSA). (See Doc. # 2). Sculley's Management filed its Answer and Defenses to Complaint on November 7, 2014. (Doc. # 7). In his present Motion, Lazier seeks an order striking all ten of the affirmative defenses asserted by Sculley's Management or – in the alternative – an order for more definite statement. (Doc. # 8 at 1).

II. **Legal Standard — Motion to Strike**

Affirmative defenses are subject to the general pleading requirements of Rule 8. Rule 8(b)(1)(A), Fed. R. Civ. P., requires that a party "state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses are also evaluated against the touchstone of Rule 12(f), Fed. R. Civ. P., which states, "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Although the Court has broad discretion in ruling on a motion to strike, such motions are disfavored due to their "drastic nature." Royal Ins. Co. of Am. v. M/Y Anastasia, No. 95-cv-30498, 1997 U.S. Dist. LEXIS 15595, at *10 (N.D. Fla. Jan. 30, 1997). Further, as stated in Florida Software Systems v. Columbia/HCA Healthcare Corporation, No. 8:97-cv-2866, 1999 U.S. Dist. LEXIS 15294, at *4 (M.D. Fla. Sept. 16,

2

1999), "An affirmative defense will be held insufficient as a matter of law only if it appears that the Defendant cannot succeed under any set of facts which it could prove."

In addition, courts may strike a defense if it has "no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties." <u>Ayers v. Consol. Constr. Servs. of SW Fla., Inc.</u>, No. 2:07-cv-123, 2007 U.S. Dist. LEXIS 86596, at *2 (M.D. Fla. Nov. 26, 2007). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is sufficient and may survive a motion to strike." <u>Fla. Software Sys.</u>, 1999 U.S. Dist. LEXIS 15294, at *4.

### III. <u>Analysis</u>

A true affirmative defense is "one that admits to the complaint, but avoids liability, wholly, or partly, by new allegations of excuse, justification or other negating matters." <u>Bluewater Trading, LLC v. Willmar USA, Inc.</u>, No. 07-cv-61284, 2008 U.S. Dist. LEXIS 108191, at *2 (S.D. Fla. Sept. 9, 2008). Rule 8(c)(1) includes a list of affirmative defenses, such as accord and satisfaction, estoppel, laches, res judicata, and waiver.

In its Answer and Defenses to Complaint, Sculley's Management asserts the following affirmative defenses:

**FIRST DEFENSE**

Plaintiff's claim in whole or in part, [is barred] by the applicable statute of limitations pursuant to 29 U.S.C. 216(b), 255, and 256.

**SECOND DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of equitable estoppel because, among other things, Plaintiff intentionally falsified [his] time records, underreported [his] hours worked, or intentionally hid [his] off-the clock activities from Defendant, and Defendant was unaware of [his] alleged off-the clock activities or otherwise did not suffer or permit Plaintiff to work off the clock. Defendant was not made aware that Plaintiff was allegedly working off the clock and relied to its detriment on the information that Plaintiff and any purportedly similarly situated individual provided in their time records.

**THIRD DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH DEFENSE**

Defendant states, in the alternative if necessary, that even if Plaintiff did prevail, Defendant is entitled to a set-off with respect to any monies paid for any hours when Plaintiff [was] not performing work for Defendant.

**FIFTH DEFENSE**

Defendant states, in the alternative if necessary, that Plaintiff has received overtime compensation when required by 29 U.S.C. § 207, thereby barring [his] claims.

**SIXTH DEFENSE**

Defendant states, in the alternative if necessary, that if, in fact, it has failed to pay Plaintiff for any hours worked, the uncompensated time is *de minimis.*

**SEVENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiff was not paid for all activities performed while employed by Defendant, such activities do not constitute compensable work and were not an integral and indispensable part of Plaintiff's principal activities of employment.

**EIGHTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff was taken in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, and/or administrative practice or policy pursuant to 29 U.S.C. § 259.

**NINTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that its actions with respect to Plaintiff was taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the FLSA pursuant to 29U.S.C. § 260.

**TENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiff did prevail, the claims for liquidated damages and interest are barred to the extent that these forms of relief are duplicative of each other.

(Doc. # 7 at 3-5).

The Court acknowledges Lazier's argument that Sculley's Management's defenses are "conclusory" and "fail to state a proper legal basis and/or are vague, ambiguous, and overbroad." (Doc. # 8 at 2-14). However, the Court disagrees with Lazier's contention. Instead, the Court determines that

5

Sculley's Management's defenses pass muster under the standards set forth above. Additionally, the Court finds that the defenses relate squarely to the controversy, do not confuse the issues, and do not cause prejudice to any party. As a result, the Court declines to strike Sculley's Management's defenses. Furthermore, the Court finds Lazier's request for a more definite statement similarly unwarranted.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Shawn Lazier's Motion to Strike Defendant's Affirmative Defenses, or, in the Alternative, Motion for More Definite Statement with Incorporated Memorandum of Law (Doc. # 8) is **DENIED.**

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

6